**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**YOUNG S. KIM,**

        **Plaintiff,**

    **v.**                            **Case No. 2:14-cv-116**
                                           **JUDGE SMITH**
                                         **Magistrate Judge Deavers**

**MEGAN BRENNAN, Postmaster General,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon the Motion for Summary Judgment of Defendant Megan Brennan, Postmaster General (Doc. 36). Plaintiff Young Kim has filed a response (Doc. 41), to which Defendant has replied (Doc. 44). The Court finds the issues are fully briefed and ripe for review. For the following reasons, Defendant's motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this Title VII action against Defendant, alleging that the United States Postal Service ("USPS") discriminated against her on the basis of her race, national origin, sex, and age when she was removed from her position as a City Carrier. (*See* Doc. 1, Compl.). Plaintiff is fifty four-year-old Korean-American female, who, prior to January 30, 2013, had been employed with the USPS for approximately fifteen years. (*Id*. at ¶ 6).

On October 20, 2012, Plaintiff was involved in an accident while on-duty. (*Id*. at ¶¶ 9–10). It was Plaintiff's third motor vehicle accident during her time as a City Carrier. (*See* Doc. 36-12, Dec. 2009 Ltr. of Warning; Doc. 36-13, Sept. 2012 Ltr. of Warning). The October 2012 accident occurred when Plaintiff parked her vehicle on an incline in a delivery area and exited the vehicle. (Doc. 1-2, Grievance at 2). Although Plaintiff alleges that she applied the parking

brake and removed the keys, the vehicle rolled away and made contact with a fence and a gas meter before Plaintiff could stop the vehicle. (*Id.* at 2–3). After examining the damage, Plaintiff drove away to protect the mail and the vehicle. (*Id.*). Plaintiff claims there were "[n]o physical or monetary damages." (Doc. 1, Compl. at ¶ 9).

However, Defendant felt that the matter was serious enough to merit termination. On November 2, 2012, Plaintiff's supervisor, Karla Carey, requested that Plaintiff be removed from her position for the accident. (Doc. 36-3, Supervisor's Request for Discipline at 2). On November 15, 2012, the USPS sent Plaintiff a Notice of Removal, notifying her that her employment would be terminated because the USPS found that Kim made another delivery before reporting the accident and that she failed to securely park the vehicle before exiting the vehicle. (Doc. 36-2, Notice of Removal). After receiving the Notice of Removal, Plaintiff's union filed a grievance on her behalf, arguing that Defendant did not have just cause to terminate Plaintiff. (*See* Doc. 1-2, Ex. B, Grievance). On January 30, 2013, the union and USPS management resolved the issue with a Step B Decision, which found that the USPS did have just cause for removing Plaintiff from her position. (*See* Doc. 1-3, Step B Dec.). Thus, Plaintiff's removal from service was effective when USPS "issued a letter of removal to [Plaintiff] on January 30, 2013 . . . ." (Doc. 36-14, Pre-Compl. Counseling Form at 1). The USPS and the union memorialized a Final and Complete Settlement on February 1, 2013. (Doc. 41, Mem. Opp. at Ex. C).

On March 19, 2013, Plaintiff contacted an Equal Employment Opportunity counselor ("EEO counselor") about her termination and the alleged discriminatory motives in removing her from service. (*See* Doc. 36-14, Pre-Compl. Counseling Form). Thereafter, Plaintiff filed a formal complaint with the USPS Equal Employment Opportunity Office on June 21, 2013.

(Doc. 12-3, USPS EEO Dec.).  The EEOC dismissed Plaintiff's complaint on the basis that she failed to contact her EEO counselor within 45 days of the alleged discriminatory conduct as required by 29 C.F.R. § 1614.105(a)(1).  (*Id.*).  Plaintiff appealed the dismissal to the Equal Employment Opportunity Commission ("EEOC"), who affirmed the USPS's EEO decision on the same grounds.  (*See* Doc. 1-4, EEOC App. Dec.).  Plaintiff then filed suit in this Court.

The Court previously denied Defendant's Motion to Dismiss which argued that Plaintiff contacted her EEO counselor outside of 29 C.F.R. § 1614.105(a)(1)'s 45-day timeframe. Plaintiff presented two arguments in response: "(1) the regulation's 45-day timeframe should take into account the three-day 'mailbox rule' set forth in Rule 6(d) of the Federal Rules of Civil Procedure; and (2) the 45-day timeframe should be equitably tolled in light of Plaintiff's limited proficiency in the English language."  (Doc. 20, Op. at 2).  Notably, Plaintiff's response to Defendant's motion made the following concession, "[a]s alleged in the Defendant's motion, Plaintiff made initial contact on March 19, 2013, forty-eight (48) days after January 30, 2013, effective date of the removal."  (Doc. 46, Mot. Dismiss Mem. Opp. at 2)  The Court denied Plaintiff's mailbox rule argument but denied dismissal, holding:

> [S]everal of the facts and issues pertinent to this determination—i.e., the extent of Plaintiff's language deficiency, the diligence, or lack thereof, with which she researched and pursued her remedies, whether she was represented by her attorney during the 45-day window, whether anyone attempted to, or actually did, inform her of the requisite time frames and proper procedures— were either not briefed by the parties or require the Court to look outside of the pleadings. Thus, while Defendant is free to raise the issue again on summary judgment, the Court finds Defendant is not entitled to dismissal now.

(Doc. 20, Op. at 7).

Defendant moved for summary judgment arguing that the Plaintiff's contact with her EEO counselor was outside of 29 C.F.R. § 1614.105(a)(1)'s 45-day timeframe and that there are no circumstances which would merit tolling the limitations period in this case.  Further,

Defendant argues that even if the EEO contact was timely, the claims have no merit because Plaintiff cannot make out a prima facie case of discrimination. Unlike the arguments made during the dismissal stage, Plaintiff now argues that the 45-day timeframe should run from February 2nd or February 4th because the final memorialization of the removal came out on February 1st and the Court should "assum[e] she was notified next day . . . ." (Doc. 41, Mem. Opp. at 5). Plaintiff abandoned her equitable tolling argument. (*Id.*).

## II.    STANDARD OF REVIEW

Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id*. at 249-50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v.*

*Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury"). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id.*

### III.    DISCUSSION

The Court addressed the standard for dismissal under 29 C.F.R. § 1614.105(a) in its previous opinion:

> Prior to filing a formal discrimination complaint, 29 C.F.R. § 1614.105(a) requires aggrieved individuals like Plaintiff to first "consult" with an EEO counselor "in order to try to informally resolve the matter." Specifically, individuals are required to initiate contact with their EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to comply with this 45-day timeframe is grounds for dismissal. *See* 29 C.F.R. § 1614.107(a)(2); *Steiner v. Henderson*, 354 F.3d 432, 434-35 (6th Cir. 2003) (failure to comply with § 1614.105's 45-day time limit "is cause for dismissal of the complaint by the agency. . . as well as by the district court").

(Doc. 20, Op. at 4). The Court further held that "[b]oth parties concede that Plaintiff's termination, which serves as the basis for her claims, became effective on January 30, 2013." (*Id.* (citing Doc. 16, Mot. Dismiss Mem. Opp. at 2)). Additionally, Plaintiff conceded that she did not make contact with her EEO counselor until 48 days later, on March 19, 2013. (*Id.*). "Therefore, the issue is not whether Plaintiff complied with [29 C.F.R.] § 1614.105's 45-day time limit: all parties agree she did not." (*Id.*).

Plaintiff now attempts to argue that she made contact with her EEO counselor within the 45-day period despite her earlier concession that she contacted her EEO counsel out of time. Plaintiff argues that the 45-day timeframe should run from February 2nd or February 4th because the final memorialization of the removal came out on February 1st and that the Court should

5

assume she was notified next day is unconvincing.  The Court rejects Plaintiff's new position.  Plaintiff offers no evidence to show that the January 30, 2013 Step B decision operated as anything other than Plaintiff's effective dismissal and the notification thereof.  The Step B Decision resolved all uncertainties regarding Plaintiff's termination when it found that Plaintiff's "grievance is considered to be moot."  (Doc. 1-3, Step B Dec. at 10).  Further, Plaintiff provides no legal or factual support for the claim that the Court should assume "next day" notice for any of the documents at issue.  (Doc. 41, Mem. Opp. at 5).  Defendant has repeatedly argued that Plaintiff failed to meet the 45-day requirement and Plaintiff has presented no evidence to refute that contention.  Accordingly, the Court will not set aside its earlier ruling that Plaintiff's termination . . . became effective on January 30, 2013."  (Doc. 20, Op. at 4 (citing Doc. 16, Mot. Dismiss Opp. at 2)).

Although the 45-day requirement in 29 C.F.R. § 1614.105 is subject to equitable tolling waiver, and estoppel, "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it."  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  Plaintiff has not even attempted to argue that equitable tolling, waiver, or estoppel should apply.  Accordingly, the Court finds that there is no reason to toll or set aside the 45-day requirement and that Plaintiff failed to exhaust her administrative remedies.  Therefore, summary judgment is **GRANTED** to Defendant on all of Plaintiff's claims.

## IV.    CONCLUSION

Because Plaintiff failed to contact an EEO counselor within the 45-day time frame and made no arguments regarding equitable tolling in this round of briefing, the Court **GRANTS** Defendant's Motion for Summary Judgment. Accordingly, The Clerk shall **ENTER** final judgment in favor of Defendant and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

_/s/ George C. Smith_
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**